**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MAURICE BROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1119-NJR |
| | ) |
| SHAWNEE CORRECTIONAL | ) |
| CENTER, SGT. MARVIN, and | ) |
| WARDEN OF SHAWNEE C.C., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Maurice Brough, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Shawnee Correctional Center ("Shawnee"). In the Complaint, Plaintiff alleges Sergeant Marvin was deliberately indifferent to his conditions of confinement in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: On May 2, 2018, he was sent to segregation at Shawnee and placed in a cell without a light and that lacked running water (Doc. 1, p. 6). Because the cell lacked running water, he was forced to wash himself with toilet water. (*Id.*). Plaintiff was in the cell for a number of weeks; he informed Sergeant Marvin and other employees about his conditions, but they did not fix the conditions.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

**Count 1:** Sergeant Marvin was deliberately indifferent to the conditions of Plaintiff's segregation cell in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Preliminary Dismissals

To the extent that Shawnee Correctional Center is listed as a party in the caption, the correctional center is not a proper party. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). Thus, Plaintiff cannot maintain his claim against Shawnee because it is a division of the Illinois Department of Corrections, a state government agency. Based on this authority, Shawnee is not a "person" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71.

Plaintiff also has identified the Warden of Shawnee Correctional Center as a defendant, but he fails to allege that the Warden violated his constitutional rights. There are no allegations in the Complaint to suggest that the Warden was made aware of the condition of Plaintiff's cell. Thus, Plaintiff fails to state a claim against the Warden, and this defendant is **DISMISSED without prejudice**.

### Count 1

At this stage, the allegations in the Complaint state a viable claim for deliberate indifference against Sergeant Marvin. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997) (not only severity but duration of the condition that determines if condition is unconstitutional).

### Disposition

For the reasons stated above, Count 1 shall proceed against Sergeant Marvin. Shawnee Correctional Center and Warden of Shawnee are **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to **TERMINATE** them from the docket.

The Clerk of Court shall prepare for Defendant Sergeant Marvin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/12/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**